IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Peggy Shelton McCarson, #32963-171, | ) |
| Petitioner, | ) C.A. No. 2:20-01386-HMH-MGB |
| | ) |
| vs. | ) **OPINION & ORDER** |
| | ) |
| Warden Reherman, | ) |
| Respondent. | ) |

Peggy Shelton McCarson ("McCarson"), a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion for an "emergency injunction for reduction in sentence." (§ 2241 Pet., ECF No. 1; Mot. Inj. Relief, ECF No. 3.) McCarson argues that the court should release her to home confinement because she has chronic lymphocytic leukemia and thus, due to the prison's lack of effective quarantine procedures and necessary resources to deal with COVID-19, she faces an urgent health risk. (§ 2241 Pet. 6-8, ECF No. 1; Mot. Inj. Relief 1, 3-6, ECF No. 3.)

Although McCarson seeks relief pursuant to § 2241, the substantive content of her petition, coupled with her motion for injunctive relief, demonstrate that her claims are raised pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2) (2020), and the First Step Act, Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194.[1]  McCarson does not question the validity or constitutionality of her

---

[1] While § 2241 petitions must be filed in the district in which a petitioner is incarcerated and McCarson is housed in West Virginia, the venue for McCarson's § 2241 petition is a moot issue. See Burgess v. United States, Civil Action No. 8:19-cv-03055-RMG, 2019 WL 6271279, at *2 (D.S.C. Nov. 25, 2019) (unpublished). As discussed in greater detail herein, because

1

sentence, but rather contests her conditions of confinement. (§ 2241 Pet. 8, ECF No. 1; Mot. Inj. Relief 5-6, ECF No. 3.) Therefore, McCarson's claims are not cognizable under § 2241. See Rodriguez v. Ratledge, No. 16-6332, No. 17-6301, 715 Fed. App'x 261, 266 (4th Cir. Nov. 29, 2017) (unpublished) (distinguishing between claims that challenge the "fact" or "duration" of a sentence and those that challenge "the conditions of confinement" and finding that a petition challenging the conditions of confinement is not cognizable under § 2241); United States v. Johnson, Crim. Action No. RDB-14-0441, 2020 WL 1663360, at *5 (D. Md. Apr. 3, 2020) (unpublished) (concluding that Fourth Circuit precedent precludes inmates from challenging their exposure to COVID-19 under § 2241 because such claims do not challenge the constitutionality of a sentence).

Under the CARES Act, the court lacks jurisdiction to afford any relief. The decision of whether to release an inmate to discretionary home confinement rests solely with the Bureau of Prisons ("BOP"). See United States v. Carroll, Case No. 1:16-cr-632-JMC, 2020 WL 1976498, at *1-2 (D.S.C. Apr. 24, 2020) (unpublished). Thus, while the CARES Act affords the BOP broad discretion during the COVID-19 pandemic, the court lacks jurisdiction to order home confinement for McCarson under this provision. See United States v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (unpublished) (noting that although the court can make recommendations to the BOP, the ultimate decision of whether to release an inmate to home confinement rests with the agency).

---

McCarson's filings are more appropriately construed as an emergency motion for compassionate release, the instant matter is properly before the sentencing court. See Deffenbaugh v. Sullivan, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *2 (E.D.N.C. Apr. 23, 2019) (unpublished).

2

However, under the First Step Act, a court may modify a criminal defendant's sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). "[U]pon motion from the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . , [the court] may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a)[.]" 18 U.S.C. § 3582(c)(1)(A).

While McCarson does not explicitly request compassionate release, her motion for injunctive relief suggests such. Specifically, McCarson repeatedly references § 3582 of the First Step Act, stating that her medical condition qualifies as an "extraordinary and compelling reason" in light of COVID-19, and that "the § 3553 factors" support her request for release to home confinement. (Mot. Inj. Relief 5-6, ECF No. 3.) Moreover, courts have construed similar claims as motions for compassionate release under § 3582(c)(1)(A). See, e.g., Kyle v. United States, Civil Action No. 1:17CV29, Criminal Action No. 1:15CR107, 2020 WL 760396, at *2 (N.D. W. Va. Feb. 14, 2020) (unpublished) (construing five pro se documents as a motion for compassionate release under § 3582); Deffenbaugh, 2019 WL 1779573, at *2 (construing a § 2241 petition as a motion for compassionate release). Therefore, McCarson's § 2241 petition and motion for injunctive relief are more appropriately construed as an emergency motion for compassionate release.

Moreover, because this emergency motion necessarily involves McCarson's sentence from her underlying criminal conviction, McCarson's emergency motion should be adjudicated under her criminal case, United States v. McCarson, No. 6:17-cr-00934-HMH-1 (D.S.C. June 18, 2018). See Parmeley et al. v. Trump et al., Case No. 20-cv-00370-JPG, 2020 WL 1987366, at *2 (S.D. Ill. Apr. 27, 2020) (unpublished) (instructing plaintiffs to file motions for

compassionate release pursuant to the First Step Act of 2018 in their underlying criminal cases to the extent they wish to challenge their confinement based on COVID-19).[2]

It is therefore

**ORDERED** that the Clerk of Court refile McCarson's § 2241 petition, docket number 1, and motion for injunctive relief, docket number 3, in her underlying criminal case, No. 6:17-cr-00934-HMH-1, as an emergency motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). It is further

**ORDERED** that the Clerk of Court close this civil matter in its entirety.

**IT IS SO ORDERED**.

                                                       s/Henry M. Herlong, Jr.
                                                       Senior United States District Judge

Greenville, South Carolina
May 4, 2020

---

[2] This order is not a ruling on the merits and makes no determination as to whether McCarson is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A). As stated above, there are many other factors the court must consider before reaching a decision under the First Step Act. The court will address the motion for compassionate release separately.